Zinn, Aldrich & Co. v. L. Dzialynski, and Sanderson & L'Engle v. same.

ZINN, ALDRICH & Co., vs. LOUIS DZIALYNSKI, AND SANDERSON & L'ENGLE vs. LOUIS DZIALYNSKI.

1. Upon an appeal from an order, the return must contain all the papers and records upon which the order was granted.

3. Where the return made is not certified as a record, the Clerk merely certifying that the papers are true copies of the originals, the case will be stricken from the docket.

This is a motion to dismiss an appeal from an order of the Circuit Court for Duval county.

The nature of the motion is stated in the opinion of the court.

*H. Bisbee, Jr.*, for Appellants.

*Sanderson & L'Engle* for Respondents.

RANDALL, C. J., delivered the opinion of the court.

The order appealed from purports to have been granted upon an inspection of the records of the court in two actions referred to, and the answer of the sheriff as to certain moneys in his hands.   The order directed the money to be paid to one of the judgment creditors.

We do not find that the records in the actions referred to,

or certified copies thereof, have been sent to this court. Without them we cannot come to a satisfactory conclusion upon the questions sought to be presented. Section 272 of the Code, and Rule IV. of this Court, requiret hat upon an appeal from an order, the return shall consist of a certified copy of the notice of appeal of the order, and of the papers and records upon which the court granted the order. The order appealed from states distinctly what papers and records were considered by the court, and we are therefore advised that we have not a proper return.

We might have directed a proper return to be made, if the certificate to the paper on file here had been sufficient. It merely certifies that "the foregoing are true copies of the original," &c., and of course does not purport to embrace the necessary papers and records. There is, therefore, nothing upon which to found a *certiorari* to supply the absent records.

The only order we can make under the circumstances is to strike the case from the docket. (See Caulk, adm'r, vs. Fox, 13 Fla., 147.)

Ordered accordingly.