J. C. Bridger et al., Appellants, vs. W. L. Thrasher et al., Appellees.

1. A co-complainant who alleges that he had disposed of all his interest in the property in dispute before the commencement of the suit is an improper party thereto.

2. When some allegations in a bill show a case entitling a complainant to relief, but are contradicted by other allegations in the same bill, and it is impossible for the court to determine the true nature of the case sought to be made by the bill, a demurrer thereto should be sustained.

3. It is the duty of the attorney, on an appeal to this court, to see that the transcript of the proceedings in the court below is properly made up by the clerk.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion.

*Geo. Wheaton Deans* for Appellants.

*Ashby, Scott & Thrasher* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

Wilson L. Thrasher and T. S. Alexander filed their bill in the Circuit Court of Volusia county against " Wm. M. Knox, in his own right, and as administrator of the estate of Early W. Thrasher, deceased, Martha A. Thrasher, John C. Bridger and Emma Bridger, his wife, John E. Thrasher, and Annie L. Thrasher, minors, Mattie F. Knox the wife of William M. Knox, L. A. Thrasher, in her own right, and as administratrix of B. H. Thrasher, deceased, B. A. Thrasher, and L. E. R. Thrasher, a minor." The bill alleges that on the 24th of May, 1875, B. H. Thrasher, as trustee for his wife and children, bought from Elijah E. Earnest a tract of land situated in said county, described as Lots Nos. 1 and 2, in sec. 8, T. 19, R. 30, S. and E. That subsequent to said purchase your orator, Wilson L. Thrasher, purchased of B. H. Thrasher an undivided half interest in said property, and paid him in full the consideration agreed on, and took possession thereof, and has since been occupying, improving and cultivating the same ; that he made said purchase from B. H. Thrasher on the 2d day of August, 1875, since which time he has had uninterrupted control of said property and exercised ownership over the same ; that on the 21st of December, 1876, the said B. H. Thrasher, trustee aforesaid, conveyed " one-half undivided interest " in said property to Geo. W. Means, as trustee for B. A. Thrasher, " and the said Geo. W. Means conveyed, on the 24th day of January, 1881, said interest to the said

B. A. Thrasher;" that on the 6th day of November, 1876, the said B. H. Thrasher, trustee as aforesaid, conveyed "one undivided one-half interest" in said property to Early W. Thrasher, as trustee for his wife and children, and as the deed says "their heirs and assigns and successors in office;" that said deed was made "without consideration, and under a misapprehension, and in fraud of the rights of your orator, Wilson L. Thrasher;" that neither the said Early W. Thrasher, nor his *cestui que trust*, have ever been in possession of said property.

That your orator, "Wilson L. Thrasher, has sold all his right, title and interest" in the land "to F. S. Alexander, who is desirous of obtaining a deed to the same, and to have the deed from B. H. Thrasher, trustee, for his wife and children, to E. W. Thrasher, trustee for his wife and children, declared illegal and void and cancelled."

To this bill there was a demurrer, which was sustained by the court, and leave granted to amend the bill.

Afterward, the complainants filed an amended bill, which, in addition to the facts stated in the original bill, or at least those facts that it does not contradict, alleges that in April, 1875, your orator, Wilson L. Thrasher, placed in the hands of B. H. Thrasher the sum of twenty-two hundred and fifty dollars, for the purpose of investment in the State of Florida, as he was coming to the State for the purpose of investing money for himself; that the said B. H. Thrasher made the aforesaid purchase from Earnest; that the said B. H. Thrasher directed the deed to be made to himself, as trustee for his wife and children. A copy of the deed is annexed to the bill as an exhibit. It is made to "B. H. Thrasher, trustee for his wife and children, with power to sell without the order of any court;" that orator, Wilson L. Thrasher, with the consent of B. H. Thrasher,

took possession of the land, and that as soon as he should have time to examine it that B. II. Thrasher would give him a deed to an undivided half interest in it or a deed to one-half of it ; that they cultivated and improved the same at the joint expense of about $2,000 ; that E. W. Thrasher, the father of W. L. and B. II. Thrasher, was indebted to one M. L. Harris in the sum of $600, and that orator was indebted to his father in a like sum ; that it was agreed that your orator, with B. H. and A. M. Thrasher as his sureties, should give their note to M. L. Harris in discharge of the indebtedness of E. W. Thrasher to him, which was done ; that afterward the said note not being paid at the instance and request of E. W. Thrasher, "who insisted that some security should be given in addition to the personal security on the note," that orator agreed with E. W. Thrasher that B. II. Thrasher should make a deed to him for an undivided one-half interest in the two lots. This agreement and the note to M. L. Harris are made exhibits to the bill.

They are as follows:

" EXHIBIT A."

"$600.    One day after date I promise to pay M. L. Harris, or bearer, six hundred dollars at ten per cent. interest per annum till paid.    Value received.

(Signed)                                       W. L. THRASHER."

"B. H. THRASHER,

A. M. THRASHER,

" ATLANTA, July 2, 1875.                        Securities.

" And endorsed, settled and signed M. L. Harris."

" EXHIBIT B."

"MADISON, GEO., August —, 1876.

" I have this day traded for one-half interest in a lot or parcel of land on the St. Johns river, in Volusia county,

Florida, the last lands purchased of E. E. Earnest by B. H. Thrasher, Trustee, known as the place on which one James Scott has lived, as a laborer of Elijah E. Earnest, for several years. I have agreed to sell, or dispose, or rent the said described parcel of lands to the best advantage, and when a note on said Wilson L. Thrasher, principal, and B. H. and A. M. Thrasher, securities for said note, for six hundred dollars, given in July, 1875, with interest from date, is settled or paid off, I therefore agree and promise to turn over every dollar of the rent and clear profits the said lands may bring to W. L. Thrasher, Trustee, after said described note, interest and all expenses should be settled and paid, for value received.

(Signed)      EARLY W. THRASHER,

            M. A. THRASHER,

" By Attorneys,      —— THRASHER,

     " N. B.      —— THRASHER."

" The names of Mattie and Emma have been torn from original paper."

Afterwards, on the 6th of November, 1876, orator requested B. H. Thrasher, Trustee, to make a deed to E. W. Thrasher, in accordance with his agreement in Exhibit B; that said B. H. Thrasher thereupon executed said deed to " E. W. Thrasher, trustee, as alleged in original bill; that said deed was made at the express request of said E. W. Thrasher, for the purpose of securing the payment of the six hundred dollars promissory note described in Exhibit A, and for no other purpose, and that he, orator, had himself paid off and discharged said note; that subsequently said E. W. Thrasher died—date not stated—in Marion county, Florida, with the title to the two said lots resting in him, as trustee for his wife and children, to-wit: M. A. Thrasher, his widow, Emma K. Bridger, wife of J. C. Bridger, Mattie F. Knox, wife Wm. M. Knox, John E.

Thrasher and Annie Lee Thrasher, children of the said E. W. Thrasher, who are claiming their respective interests in the undivided half interest in the two lots ; that orator, Wilson L. Thrasher, had sold all his interest in the land to oratrix, F. S. Alexander, as alleged in the original bill, who has been for more than twelve months in the full possession of all the land, having, in 1882, bought from " B. H. Thrasher, trustee, and his vendees, the remaining undivided one-half interest."

This bill prays that the land may be decreed to be the land of your orator, W. L. Thrasher, or your oratrix, F. S. Alexander, who is the vendee of said Thrasher.

To this amended bill there was a demurrer, which was sustained, and leave granted to amend bill.

Afterwards complainants filed an amendment to their amended bill, which explains that the land described in the deed from Earnest to B. H. Thrasher, and the deed from him to E. W. Thrasher, and the land described in the agreement between orator, Wilson L. Thrasher, and E. W. Thrasher, in Exhibit B, was the same land, though differently described. It further alleges " that orator is not informed whether the said B. H. Thrasher, in making the said purchase from said Earnest, on May 4th, 1875, actually used the same money which orator had placed in his hands, or a like sum, in payment therefor, but the said B. H. Thrasher did use your orator's twenty-two hundred and fifty dollars for that or some other purpose, and for his own use, and he, the said B. H. Thrasher, subsequent to the said purchase, agreed in writing that your orator was entitled to, and he, as trustee, would make to your orator, W. L. Thrasher, a deed to one half of the land described."

To the bill as amended by the last amendment there was another demurrer, which was overruled, and the defendants, Bridger and wife, appeal to this court.

We think this demurrer should have been sustained. The bill shows no interest in the co-complainant, Wilson L. Thrasher, but on the contrary has a distinct averment that he had parted with all interest in the subject matter of controversy before the commencement of the suit.

The oratrix, Mrs. F. S. Alexander, is the only party who has an interest in the land as complainant.

The allegations of the bill are so confused and contradictory, that it is difficult to form any opinion as to the true merits of the case.

If there be any theory on which the orator or oratrix is entitled to relief, it is that one-half of the money paid for the land was the money of Wilson L. Thrasher, which was given to B. H. Thrasher to be invested in land, and that it was so invested. If this was true, no matter how the deed from Earnest to B. H. Thrasher was worded as to the grantees, Wilson L. Thrasher, or his vendee, in case he had sold it, was entitled to an undivided one-half interest in it. But this theory is contradicted in the last amendment, in language quoted, *supra*, wherein it is alleged that he does not know what B. H. Thrasher did with the money he gave him, whether he invested it in the land, or a like sum, or used it for his own purposes, but that he promised afterward to give him one-half the land in settlement of it. Now, if this promise was in writing, as he says but does not attach the paper to his bill, he or his vendee would also be entitled to relief, if it were not for the fact that the deed from Earnest to B. H. Thrasher *seems* to be to him as a trustee for his wife and children. Now if B. H. Thrasher used Wilson L. Thrasher's money for his own purposes, and paid for the land he bought from Earnest with trust funds belonging to his wife and children, then it is very plain that Wilson L. would not be entitled to relief from such

fund. It is impossible to tell from the allegations in the bill which of these supposed cases was the true one. Trustees seemed to figure in every sale and transaction, apparently self-nominated, without any allegations as to the nature of the trust, or the existence of a trust fund; B. H. Thrasher buys, as trustee for his wife and children, with power to sell without an order of court; B. H. Thrasher, as trustee for his wife and children, sells to E. W. Thrasher, as trustee for his wife and children, with like power of sale, which last deed Wilson L. Thrasher claims was only to operate as a mortgage.

In the agreement between E. W. Thrasher and Wilson L. Thrasher, Wilson himself is called a trustee, but it does not state for whom he acted as such. A deed was made to Means as trustee for B. A. Thrasher, and he executed his trust by executing a deed to his *cestui que trust.* In an amended bill, which we grant leave to such complainant as is interested to file, these matters, the existence and nature of the trusts, as well as the interests of each and every one of the defendants in the land, which interest can only be guessed at from the present state of the pleadings, should be made distinct matters of allegation.

We would add that it has been repeatedly held by this court that it is the duty of the appellant's attorney to see that the record is in proper shape. The confusion in this case from useless and contradictory allegations in the bill has been added to by a want of arrangement in the record of the proceedings in the court below, in the order of their respective consecutiveness.

Decree overruling the demurrer reversed.