IRA J. CARTER, APPELLANT, VS. JAMES. R. SMITH, APPELLEE.

1. If a bill for relief is so vague and indefinite that it does not state any case upon which a court of equity will grant relief, it will be demurrable for want of equity.

2. No such practice is known in equity as compelling a plaintiff to join as a co-plaintiff a person not a party, on the application of such person.

Appeal from the Circuit Court for Levy county.

STATEMENT.

This is a suit brought by the appellee against the appellant in the Circuit Court for Levy county, in chancery, and the ultimate relief prayed for in the bill is that the appellee be made a co-plaintiff in another suit pending in the same court against the appellant, to which he is not a party, and be allowed to participate in the relief prayed for in the bill in that suit.

The appellant interposed a general demurrer to the bill. The cause was afterwards heard upon this demurrer, and the court made an order overruling the demurrer and requiring the appellant to answer the bill. Whereupon the appellant appealed to this court, and assigned this order for error in his petition of appeal.

*Syd. L. Carter* and *Evans Haile*, for Appellant.

No appearance for Appellee.

[Judge Malone, of the Second Circuit, sat in the place of Mr. Justice Taylor, disqualified.]

MALONE, Circuit Judge, (*after stating the facts*):

The primary question raised by the pleadings in this suit is whether the appellee stated in his bill such a case as entitled him to be made a co-plaintiff in another suit, to which he was not a party, and to participate in the relief prayed for in the bill in that suit.

The appellee neither stated in his bill the purposes or objects of that other suit; nor the relief prayed for therein; nor his interest, if any, in the subject-matter thereof; nor whether his interest, if any, is adverse and conflicting or consistent with that of the plaintiff therein; nor whether the plaintiff therein consents or objects to his being made a co-plaintiff therein. These matters are left to conjecture. In the absence of information touching them, we are unable to discover from the bill that the appellee is either a necessary or proper party to that other suit. The bill, therefore, is so vague and indefinite that it does not state any case upon which a court of equity will grant relief. Besides, there is no practice in equity which will authorize the court, upon the application of a person not a party to a suit, to compel a plaintiff to make such person a co-plaintiff. Drake vs. Goodridge, 6 Blatchford, 151.

The decree appealed from is reversed.