## N. SWENSON *vs.* F. GREENLAND.

Opinion filed February 5th, 1895.

**Lien for Personal Property Taxes—When Attaches.**

> A lien for taxes upon personal property arising under § 90, Ch. 132, Laws 1890, does not attach until after a tax has been assessed and levied; nor until "after the time the tax books are received by the county treasurer" of the county where such tax is assessed and levied.

**Action to Foreclose Lien—Complaint.**

> In an action brought to foreclose an alleged lien for such taxes there were no averments in the complaint that the tax claimed to be a lien was ever assessed or levied, and no averment that the treasurer of the county in question ever received the tax books in the years in question. *Held*, that such complaint is insufficient. In such actions the general presumption that public officers have done their duty will not supply the place of material averments of fact which are omitted from the complaint.

Appeal from District Court, Griggs County; *Rose*, J.

Action by N. Swenson against F. Greenland. From an order overruling a demurrer to the amended complaint, defendant appeals.

Reversed.

*J. E. Robinson*, for appellant.

In the complaint no attempt was made to state facts showing a valid tax. *O'Neil* v. *Tyler*, 3 N. D. 47; *Miller* v. *Hurford*, 12 N. W. Rep. 832; *Brown* v. *Corbin*, 40 Minn. 508, 42 N. W. Rep. 481; *Weiner* v. *Porter*, 42 Mich. 569.

*David Bartlet*, for respondent.

Contended that the validity of the tax, the levy and tax warrant is presumed until the contrary is alleged and proven.

WALLIN, C. J. The plaintiff, by his amended complaint, states his cause of action as follows: "*First.* That on the 2d day of December, 1892, George L. Virgo made, executed, and delivered to Henry Retzlaff his two promissory notes, $100 each, payable February 1, 1893, and, to secure the payment

of the same, executed and delivered to the said Retzlaff a chattel mortgage upon all his household goods and furniture. *Second.* That afterwards said notes and mortgage were, for value, transferred to Taylor Crum, who is now the owner and holder thereof; that said Crum did on the——day of——, 1894, place said mortgage in the hands of defendant, Greenland, for foreclosure, the same being in default; that said Greenland, as the agent of said Crum, took possession of said mortgaged property, and advertised, foreclosed, and sold the same in accordance with law. *Third.* That after said Greenland, as the agent of said Crum, took possession of said property, and prior to the sale thereof, this plaintiff, as the treasurer of Griggs County, N. D., caused said property to be levied upon for the sum of $52.71, said amount being the unpaid personal property taxes of said Virgo for the years 1892 and 1893, the taxes for 1892 being $44.98, and the taxes for 1893 being $7.73; that $15 of said sum was for taxes levied against the identical property then in the hands of defendant, Greenland; that the balance of said sum was for taxes levied against other personal property of said Virgo; that out of the proceeds of the sale of said property said Greenland retained and now holds the sum of $52.71, subject to the determination of the rights of the plaintiff thereto.. Wherefore plaintiff prays that he may have judgment against the defendant for the sum of $52.71, and for his costs." Defendant demurred to the amended complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The District Court overruled the demurrer, and defendant appeals from the order.

We are of the opinion that the learned trial Court erred in overruling the demurrer. It is difficult to understand from the language of the complaint just what the purpose of the action is, but it seems to be the plaintiff's purpose to foreclose an alleged lien for taxes arising under § 90, Ch. 132, Laws 1890, which provides: "The taxes assessed upon personal property shall be a lien upon the personal property of the person assessed from and after the time the tax books are received by the county

treasurer." Section 51 of the same chapter provides: "The county auditor shall deliver the lists of the several districts of the county to the county treasurer, on or before the first day of December in each year, taking his receipt therefor, and such lists shall be full and sufficient authority for the county treasurer to receive and collect taxes thereon levied." It appears by the terms of the statute (section 90) that the lien does not arise at or upon any specified date or time, dut does arise upon the occurrence of an event which is specified in terms, *i. e.* "from and after the time the tax books are received by the county treasurer." It will be noticed that the lien claimed by the plaintiff is for the taxes of 1892 and 1893, but nowhere in the complaint is it alleged that the tax books of Griggs County were delivered to or received by the county treasurer of that county in said years, or in either of said years. We think the omitted averments are essential. The complaint fails to show that the tax books were delivered to the treasurer prior to the execution and delivery of the mortgage, or at any time; hence it fails to aver the condition or the event upon which alone the statutory lien can arise. The respondent's counsel claims in the brief submitted to this court that "the question of the validity of the tax, the levy, or the tax warrant cannot be considered in this action. This is presumed until the contrary is alleged or proven." We are aware of no such presumption in a case like this. It is true that there is a general legal presumption that public officers have done their duty, but this presumption is never strong enough to supply an omitted allegation of any substantive fact. *U. S.* v. *Ross*, 92 U. S. 281. In tax cases, especially where the proceedings are invitum, the presumption that officers have performed their duty is not available in favor of a party who is seeking to enforce a disputed tax. On the contrary, in such cases all the essential steps leading up to a valid tax must be alleged and proven by the party who is seeking to enforce the tax. The statutory presumptions in favor of the validity of a tax deed are not available to the plaintiff in this case. There is no tax deed. See *O'Neil* v. *Tyler*, 3 N. D. 47, 53 N. W. 434.

As we have stated, the fact of the treasurer's receiving the tax books is made a condition of any tax lien upon personal property. This condition is therefore essential, and cannot be presumed. The point is, in our opinion, fatal to the complaint. But other facts quite as material are omitted. There is an entire absence of any allegations showing or tending to show that any taxes were ever "assessed," and no sufficient averment that a tax was levied in Griggs County in the year 1892 or 1893. A tax must be such before it becomes a lien. The statute says: "The taxes assessed upon personal property shall be a lien," etc. Section 90, *supra.* The complaint fails to state that taxes of 1892–93 were assessed, or attempted to be assessed; nor is there any property allegation of a levy or an attempted levy. It is well settled that, in an action to recover a tax or enforce a tax lien, all the material steps upon which a valid tax depends must be stated in the complaint. This court had occasion to apply this doctrine in *O'Neil* v. *Tyler*, 3 N. D. 47, 53 N. W. 434. See opinion, pages 66, 67, 3 N. D., and page 440, 53 N. W., and cases there cited; also, 25 Am. & Eng. Enc. Law, p. 320; also, Id. p. 321, and notes 1 and 2. It is conceded that the defendant, as agent of the mortgagee, is legally entitled to the proceeds of the sale, unless such proceeds may be taken from him to pay an alleged tax, which, if it exists, is a burden upon the property. In such a case all steps essential to the validity of the tax must be alleged. The plaintiff has the *onus probandi.* None of the essential facts are alleged.

It follows that the demurrer to the amended complaint was well taken, and should have been sustained, and that the order overruling the demurrer was error. The order must be reversed, and the trial court will be directed to reverse the same, and enter an order sustaining the demurrer. All concur.