## R. H. RAMSEY ET AL., APPELLANTS, VS. GEORGE E. WELLS, APPELLEE.

Where the certificate of the clerk to the transcript of the record is materially defective in not stating that it contains a true copy of all the proceedings and a correct transcript of the record of the judgment as required by rule in force at the time and the case submitted to the court on such record, it will be dismissed; especially when other defects are apparent in the proceedings certified by the clerk.

Appeal from the Circuit Court for Lake county.

The facts in the case are stated in the opinion of the court.

*Arthur F. Odlin*, for Appellants.

*W. A. Hocker*, for Appellee.

MABRY, C. J.:

It is shown from what is certified to us as the transcript of the record in this case that appellee Wells filed a bill against William H. Brazier and Mary, his wife, G. E. Palen, R. H. Ramsey, W. T. Henry and Elmira E. Edwards for the purpose of foreclosing a mortgage executed by Brazier to Wells. It is alleged that Palen, Ramsey and Henry claim to have some interest in all or portions of the real estate described in the mortgage under and by virtue of certain tax sales, but that the tax sales are void for reasons specially mentioned El-mira E. Edwards, it is alleged, claims to own an interest in some portions of the lands, but whatever interest she owns is subordinate to the rights of complainants.

R. H. Ramsey et al. v. George E. Wells.—Opinion of Court.

The bill was demurred to, and the demurrer being overruled, Ramsey and Palen entered an appeal from such ruling to this court.

Counsel for appellee filed in this court a waiver of the issuance and service of citation, but do not, as they state in the paper filed, waive any defect in the appellate proceedings. They do not file any brief in the case.

The overruling of the demurrer is assigned as error by Ramsey and Palen, but on examining the record we have decided to dismiss the case without considering the correctness of the ruling on demurrer. The certificate of the clerk to the transcript states that "the foregoing pages numbered from one to thirteen inclusive constitute a true copy of the bill of complaint, exhibits and demurrer of G. E. Palen and R. H. Ramsey, together with the proceedings thereon, in the case of George E. Wells, complainant, and William H. Brazier, Mary Brazier, his wife, G. E. Palen, R. H. Ramsey, W. T. Henry and Elmira E. Edwards, defendants, as appears upon the files and records of my office." The case is submitted to us on such a certified record, and from it we can not know that it contains all the proceedings of the case up to the time of entering the appeal, nor is there any proper showing that we have before us a correct transcript of the record of the judgment in the case. We decline to consider the merits of a case on such a transcript. From what we have before us it appears that Palen and Ramsey alone entered an appeal from the decree overruling the demurrer, and if we were to consider the case on the record presented, the question would arise as to whether the decree entered can be brought here for review by appeal taken in the name of only two of the defendants to the bill.

. The only proper order we can make on the record as it is presented to us is to dismiss the appeal, and it will accordingly be so ordered.