FIRST NATIONAL BANK OF PENSACOLA, PLAINTIFF IN ER-
ROR, VS. OXFORD LAKE LINE, DEFENDANT IN ERROR..

APPELLATE PRACTICE—DEFECTIVELY CERTIFIED TRAN-
SCRIPT OF RECORD CAUSE FOR DISMISSAL.

Where a cause is reached in its regular order for final disposi-
tion by an appellate court, and it appears that the certifi-
cate to the transcript of record states only that it contains
a correct recital of the papers and proceedings in the
cause, without also stating that it contains correct copies
of such papers and proceedings, the writ of error will be
dismissed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia
County.

The facts in the case are stated in the opinion of the
Court .

*Blount & Blount,* for Plaintiff in Error;

*John C. Avery,* for Defendant in Error.

PER CURIAM.

The writ of error in this cause having been made re-
turnable to the June term, 1900, of this court, and the
cause having been reached in its regular order on the
docket for final disposition and having been taken up
for consideration by Division A of the court, and it ap-

pearing to the court that the clerk's certificate to the transcript certifies only that it contains a correct recital of the papers and proceedings in said cause without stating that it contains correct *copies* of such papers and proceedings, and that, therefore, no properly certified transcript of the record in said cause has ever been filed here, it is, therefore, hereby considered, ordered and adjudged that the writ of error in said cause be, and the same is hereby, dismissed, at the cost of the plaintiff in error. Burham v. Driggers, 44 Fla. 168., 32 South. Rep. 796.