ULYSSES C. DURHAM, APPELLANT, v. DANIEL R. EDWARDS, APPELLEE.

1. In equity, as well as at law, a pleading is to be most strongly construed against the pleader thereof, and in passing upon a demurrer to a bill every presumption is against the bill.

2. It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to en-

title him to relief; and if he omits essential facts there-from, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing.

3. When some allegations in a bill show a case entitling a complainant to some relief, but are contradicted by other allegations in the same bill, and it is impossible for the court to determine the true nature of the case sought to be made by the bill, a demurrer thereto should be sustained.

4. If a bill for relief is so vague and indefinite that it does not state any case upon which a court of equity will grant relief, it will be demurrable for want of equity.

5. A court of equity cannot grant relief when the complainant's own showing in his bill demonstrates a want of equity in his prayer.

6. Where one partner transfers his entire interest in the partnership concerns to his copartner so as to vest in the latter the partnership assets as his sole property, a dissolution of the partnership results.

7. Where one partner has conveyed to his copartner his entire interest in the partnership property, in accordance with an agreement made and entered into between such partners, the consideration for such conveyance and dissolution being the assumption by the partner to whom the conveyance was made of the debts of the partnership as well as of certain individual indebtedness in part of the partner so conveying, and no fraud or misrepresentation upon the part of such partner is charged in the bill, the complainant is not entitled to an accounting from the defendant in a court of equity.

This case was decided by Division A.

Appeal from the Circuit Court for Bradford County.

STATEMENT.

On the 13th day of February, 1904, the appellant filed his bill in chancery in the Circuit Court for Bradford county against the appellee, alleging therein in substance, among other things, that appellant and appellee were copartners as naval stores operators under the firm name of Edwards & Durham, that the appellee individually and the said firm were indebted to the Peacock, Hunt & West Company in large sums of money, to secure the payment of which appellant and appellee together with their wives had executed mortgages upon both individual and firm property; that the season of 1901 had not been a successful and prosperous one for the naval stores operators and that the company to whom the mortgages had been executed by appellant and appellee threatened to foreclose the same unless the individual indebtedness of appellee was immediately paid and settled; that appellant began negotiations with said company and appellee for the purpose and with the view of settling and adjusting said indebtedness, which negotiations culminated in appellant assuming the indebtedness of the firm and twelve thousand dollars of the individual indebtedness of appellee in consideration of said mortgagee releasing appellant, his individual property and the firm property from the lien and covenants of the mortgage which had been executed by appellant and appellee on the 30th day of April, 1898, and in consideration of the appellee and his wife executing a deed to appellant to the real and personal property of the firm situated in the county of Clay, which deed was duly executed on the 18th day of December, 1901; that since the execution of said deed "and the dissolution of the partnership" be-
32 S. C.

tween appellant and appellee appellant had been compelled to pay certain other debts and obligations of the partnership, which were specified, that there had been no settlement of the partnership business between appellant and appellee, that appellee denied he was indebted in any sum to appellant and refused to pay appellant any part of the amount claimed by appellant to be due him from appellee. The bill prayed for an accounting,' for a dissolution of the partnership, and for general relief.

On the 4th day of April, 1904, appellee interposed a demurrer to the bill upon the following grounds:

"1.   There is no equity in said bill.

2.   Complainant has an adequate remedy at law.

3.   Said bill purports to show an agreement between two parties, complainant and defendant herein, but does not set out what said agreement was nor whether the same was written or verbal.

4.   Said bill does not set up a statement of facts sufficient to show the existency of a partnership between complainant and defendant.

5.   Said bill charges no contract or obligation on part of defendant."

On the 23rd day of July, 1904, this demurrer came on to be heard before the judge of the Fourth Judicial Circuit, the judge of the Eighth Judicial Circuit being disqualified, by whom an order was made sustaining the same.

On the 18th day of August, 1904, the cause came on for further hearing before the judge of the Fourth Judicial Circuit, by whom a final decree was rendered dismissing the bill, reciting therein that the complainant refused to amend the same.

From this decree appellant entered an appeal to the present term of this court, assigning three errors, the

first two being based upon the sustaining of the demurrer and the third upon the final decree dismissing the bill.

The bill of complaint and the exhibits attached thereto comprise some eleven typewritten pages, but, in view of the conclusion which we have reached, we believe that we have given sufficient synopsis thereof for an intelligent understanding of the opinion.

*Wm. H. Baker,* for Appellant.

*A. V. Long,* for Appellee.

SHACKLEFORD, C. J., (*after stating the facts.*) In equity, as well as at law, a pleading is to be most strongly construed against the pleader thereof, and in passing upon a demurrer to a bill every presumption is against the bill. This follows from the established principle of pleading that it is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. Richardson v. Gilbert, 21 Fla. 544, text 547; Parker v. City of Jacksonville, 37 Fla. 342, 20 South. Rep. 538; Herrin v. Brown, 44 Fla. 782, 33 South. Rep. 522; Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272; Stockton v. National Bank of Jacksonville, 45 Fla. 590, 34 South. Rep. 897; Pinney v. Pinney 46 Fla. 559, 35 South. Rep. 95; 16 Cyc. 237. It is also true that when some allegations in a bill show a case entitling a complainant to some relief, but are contradicted by other allegations in the same bill, and it is impossible for the court to determine the true nature of the case sought to be made by the bill, a

demurrer thereto should be sustained. Bridger v. Thrasher, 22 Fla. 383; 16 Cyc. 238. If a bill for relief is so vague and indenite that it does not state any case upon which a court of equity will grant relief, it will be demurrable for want of equity. Carter v. Smith, 35 Fla. 169, 17 South. Rep. 411. No relief can be granted where the complainant's own showing in his bill demonstrates a want of equity in his prayer. Megin v. Filor, 4 Fla. 203, text. 207.

Applying these tests to the bill, we are of the opinion that it signally failed to comply with the requirements above cited. The allegations therein show that the partnership existing between appellant and appellee had been dissolved, there being an express statement therin as to certain matters having transpired since "the dissolution of the partnership between your orator and the defendant." It is further shown by the bill that appellee had conveyed to appellant all the partnership property in Clay county, both real and personal, in accordance with the agreement made and entered into between them; the consideration for the conveyance and dissolution being the assumption by appellant of the debts of the partnership, as well as certain individual indebtedness in part of the appellee. No fraud or misrepresentation upon the part of appellee is charged in the bill, and we fail to find any grounds set forth therein which would entitle appellant to an accounting from appellee in a court of equity. Where one partner transfers his entire interest in the partnership concerns to his copartner so as to vest in the latter the partnership assets as his sole property, a dissolution of the partnership results. Schleicher v. Walker, 28 Fla. 680, 10 South. Rep. 33.

We are of the opinion that the demurrer was properly

sustained to the bill, therefore, the decree appealed from will have to be affirmed, and it is so ordered, at the cost of appellant.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur in the opinion.