J. S. AKIN, SAMUEL AKIN, R. F. AKIN, E. B. AKIN, MRS.
MOLLIE PRINCE AND HER HUSBAND E. L. PRINCE, MRS.
NELIA HENRY AND HER HUSBAND F. J. HENRY, MRS. IDA
DITMORE AND HER HUSBAND P. H. DITMORE, MRS. NELLIE
BALL AND HER HUSBAND GEORGE BALL, MRS. MAGGIE
MAUNEY AND HER HUSBAND P. A. MAUNEY, ELIHU BURN-
HAM, MARTHA PERVOE AND HER HUSBAND DUNCAN PER-
VOE, A. S. BURNHAM, JOANNAH BURNHAM, WILLIE MC-
CALL AND HER HUSBAND CHARLES MCCALL, J. S. BURN-
HAM, JOHN BURNHAM, LOUIS E. BURNHAM, A MINOR, BY
HIS NEXT FRIEND ELIHU BURNHAM, CHAS. H. BURNHAM,
A MINOR, BY HIS NEXT FRIEND ELIHU BURNHAM, AND
MARY J. DOWNING AND HER HUSBAND C. D. DOWNING,
PLAINTIFFS IN ERROR, v. SARAH MORGAN, W. L. MORGAN,
CHARLES MORGAN, JOHN J. MORGAN AND JULIA A. MOR-
GAN, DEFENDANTS IN ERROR.

1. Motions to reinstate appeals and writs of error that have
   been dismissed by the court when the cases were reached
   in regular order for final disposition after submission on
   the merits, are not considered with favor where the dis-
   missals were because of some neglect of counsel, unless
   such neglect is shown to have been caused by something
   beyond the control of counsel.

2. It is the duty of counsel for appellants or plaintiffs in error
   to see that the transcripts of the proceedings in the court
   below are properly made up and correctly certified by the
   clerk of the trial court before being filed here.

3. When a cause is submitted to this court upon its merits, and
   the cause remains upon the docket until it is reached by
   the court in regular order for final decision upon its mer-
   its, the parties have had their day in court; and if upon
   consideration of the case it is dismissed for some fatal
   defect due to oversight or neglect of counsel, where such
   oversight or neglect was not beyond the control of coun-
   sel, the cause will not be reinstated.

4. When a cause is regularly submitted on its merits, and upon being taken up by the court in regular order for final disposition, the writ of error in the cause is dismissed for a fatal defect in the clerk's certificate to the transcript of the record, the cause will not be reinstated where the attorney for the plaintiff in error shows that it was through his oversight or inadvertence, and that of his stenographer, that the fatally defective certificate was attached to the transcript, and such oversight or inadvertence is not shown to have been beyond the control of counsel.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the Court

*Roberson & Small,* for Plaintiffs in Error.

*D. B.* and *B. B. Johnson,* for Defendants in Error.

PER CURIAM: This cause was submitted to the court upon briefs by counsel for the respective parties, and when it was taken up by the court in its regular order for final disposition upon its merits the certificate of the clerk to the transcript of the record was found to be fatally defective in that it certified that the transcript contains "a true and correct recital of all the papers and proceedings in said cause," without stating that it contains correct *copies* of such papers and proceedings. The writ of error was, therefore, dismissed. Akin v. Morgan, 50 Fla. ..., 39 South. Rep. 534; First National Bank of Pensacola v. Oxford Lake Line, 45 Fla. 275, 34 South. Rep. 893;

Burnham v. Driggers, 44 Fla. 168, 32 South. Rep. 796; The Orange County High School v. Sanford, 17 Fla. 120. See, also, Caulk, Admr. v. Fox, 13 Fla. 147; Zinn, Aldrich & Co. v. Dzialynski, 14 Fla. 43; Rabon v. State, 7 Fla. 9.

A motion to vacate the order dismissing the writ of error, to reinstate the cause and to permit the plaintiffs in error to correct, or cause to be corrected, the certificate of the clerk, is made upon the ground that the omission from the certificate of the clerk was an inadvertence and accident. The affidavits presented in support of the motion state that counsel for the plaintiffs in error prepared the transcript of the record in the case and dictated to his stenographer a proper certificate; that the omissions from the certificate were caused through inadvertence of the stenographer in transcribing the notes; that counsel examined the transcript and certificate after the same had been finished by his stenographer, but the omission from the certificate was by some oversight or inadvertence overlooked; that the clerk of the Circuit Court after verifying the transcript signed said certificate not noticing said omission.

No application was made for leave to correct the defect in the clerk's certificate before the writ of error was dismissed on final hearing because of such defect.

Motions to reinstate appeals and writs of error that have been dismissed by the court when the cases were reached in regular order for final disposition after they had been regularly submitted on the merits, are not considered with favor where the dismissals were because of some neglect of the parties or their counsel unless such neglect is shown to have been caused by something beyond the control of the parties of their counsel.

It is the duty of counsel for appellants or plaintiffs in error to see that the transcripts of the proceedings in the court below are properly made up and correctly certified by the clerk of the trial court before being filed here.  See Orman v. Barnard, 5 Fla. 528; Bridger v. Thrasher, 22 Fla. 383; Lovett v. State, 29 Fla. 384, 11 South. Rep. 176, Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. ..., 39 South. Rep. 392.

When a cause is submitted to this court upon the merits, and the cause remains upon the docket until it is reached by the court in regular order for final decision upon its merits, the parties have had their day in court; and if upon consideration of the case it is dismissed for some oversight or neglect of counsel, where such oversight or neglect was not beyond the control of counsel, the cause will not be reinstated.  To reinstate the cause would in effect give to the parties two opportunities to properly present their case for consideration by the court, to the detriment of other litigants whose cases are awaiting consideration.  In this case the attorney for the plaintiffs in error shows that it was through his oversight or inadvertence, and that of his stenographer, that the fatally defective certificate was attached to the transcript.  Such oversight or inadvertence is not shown to have been beyond the control of counsel.  To reinstate the case for another consideration on the showing here made would postpone the consideration of other cases on the docket, and would in effect give a second hearing of this case because of the unexcused oversight of counsel in supervising the preparation and filing of the transcript of the record in this court.

It has been the universal practice of this court to deny applications to reinstate cases that have been dismissed by the court for some fatal defect in the clerk's certificate

to the transcript of the record due to oversight or neglect of counsel in matters within their control, when such dismissals were by the court of its own motion in considering the cases when taken up in regular order for final determination on the merits.

The motion is denied.

All concur.