E. F PORTER, PLAINTIFF IN ERROR, v. D. A. EWING, DEFENDANT IN ERROR.

APPELLATE PRACTICE—DISMISSED FOR FAILURE TO FILE PROPERLY CERTIFIED TRANSCRIPT—APPLICATION TO REINSTATE CAUSE AND TO SUPPLY PROPERLY CERTIFIED TRANSCRIPT, COMES TOO LATE AFTER FINAL DISPOSITION OF CAUSE.

When a cause is reached in its regular order on the dockets of this court for final disposition, and the court finds that the transcript of record is so defectively certified as to amount to no certification at all, the cause will be dismissed. And when so dismissed the same will not be reinstated, nor leave granted to supply a properly certified transcript, unless it be shown that the failure to file a properly certified transcript of the record prior to the reaching of the cause by the court for final disposition was due to some good cause beyond the control of counsel representing the plaintiff in error or appellant. Mere inadvertence, oversight or neglect of counsel will not be regarded as an excuse for such failure.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Santa Rosa County.

Porter v. Ewing—Opinion of Court.

The facts in the case are stated in the opinion of the Court.

PARKHILL, J., dissents.

*J. J. Sullivan,* for Plaintiff in Error.

*Amos & West,* for Defendant in Error.

PER CURIAM: This cause came on for hearing upon a motion by the plaintiff in error to reinstate the case upon the docket of this court and for leave to file a properly certified transcript of record in lieu of the defectively certified transcript heretofore filed. The cause being heretofore reached by the court in its regular order on the docket for final disposition, the court found upon inspection that there were two fatal and glaring defects in the certificate to the transcript, *viz*: The certificate failed to certify that the transcript contained a correct transcript of the record of the *judgment* in the cause; and, (2) it failed to certify that such transcript contained correct *copies* of such papers and proceedings in said cause as were directed to be included therein by the written demands of the said parties. For the reason that a transcript of record so defectively certified was tantamount to no transcript at all, the court upon reaching said cause dismissed the same for want of a properly certified transcript of the record upon which to decide it. The grounds advanced upon this motion for reinstatement show nothing but inadvertence and laches of counsel in not seeing to it that his record was at least formally certified before transmitting it here for filing, and for the reasons stated in the case of Akin *et al.* v. Morgan *et al.,* decided here in October, 1905, 50 Fla. 173, 39

Porter v. Ewing—Opinion of Court.

South. Rep. 534, the motion for reinstatement must be denied. As was stated in that case, as long ago as the case of Orman v. Barnard, 5 Fla. 528, this court has asserted it to be the duty of counsel for plaintiffs in error to see that the transcripts of the proceedings in the court below are properly made up and correctly certified by the clerk of the trial court before being filed here. This rule thus laid down so early in the history of this court has been constantly adhered to and frequently reiterated up to the present time. To inspect the certificate of the trial court clerk to a transcript of record for use in an appellate court, and to see that it conforms to the formula plainly laid down in the rules, would consume but a minute of the time of the busiest lawyer, and there is practically no excuse that will absolve counsel representing parties litigant before an appellate court from devoting at least that much attention to their causes pending before the court of last resort. Neglects of the kind present in this case may be, and frequently are, permitted to be amended before the cause is reached for final disposition and is finally disposed of, but such application comes too late after the cause is reached, and is finally disposed of. Other litigants before the court have rights in the matter, and it would be an injustice to them to devote the time of the court to which they are entitled to reinstatements and reconsiderations of cases that have had their full day in court. The motion to reinstate is hereby denied.

SHACKLEFORD, C. J., TAYLOR, COCKRELL, HOCKER and WHITFIELD, JJ., concur.

PARKHILL, J., dissents.

PARKHILL, J., dissenting.

This case was dismissed because of the defective certificate of the clerk to the transcript of record, in accordance with precedents established by this court long before I came here.

Although I have been inclined heretofore to recognize the force of these precedents, this practice of dismissing writs of error in this way has never been satisfactory to me, and I have hoped that the court could see its way clear to adopt a different practice. This was my attitude when the application for reinstatement was denied in case of Akin et al. v. Margan et al. at June Term, A. D. 1905, and further consideration of this question and the effect of this practice has convinced me of the wisdom of the procedure which ought to govern me now, and which I think should be adopted by this court.

My opinion is that instead of dismissing the writ of error absolutely because of a defective certification when the case was taken up by the court for final disposition, the better practice would have been to have made an order that the submission of the case be set aside, and that the plaintiff in error be permitted to append to the transcript a certificate in the form prescribed by the rules serving a copy upon defendant in error within say ten days, and that upon failure to comply with the order the writ of error be dismissed. See Martin v. Hudson, 79 Cal. 612, 21 Pac. Rep. 1135.

As was said by the Supreme Court of the United States in Idaho & Oregon Land Imp. Co. v. Bradbury, 132 U. S. 509, text 513, 10 Sup. Ct. Rep. 177, on a motion to dismiss an appeal, "the question presented is not one of no authentication, but of irregular or imperfect authentication, not of jurisdiction, but of practice. It is, there-

fore, within the discretion of this court to allow the defect to be supplied." See also Ray v. Trice, 48 Fla. 297, 37 South. 582.

I am in favor of allowing the plaintiff in error to append to the transcript a certificate in the form prescribed by the rules, as he has promptly asked leave to do. The motion of the plaintiff in error should be granted.