W. T. DEES, H. F. DEXTER, F. F. MELTON, U. POTTS, D. G. MALLOY, J. H. MALLOY, G. C. HUGHES, HENRY C. LEONARD, TRUSTEE, AND THE INTERSTATE LUMBER COMPANY, A CORPORATION, *Appellants*, v. CORA S. CASSELS, *Appellee*.

A certificate of the circuit clerk to a transcript of record on appeal stating simply that certain numbered pages contained a correct "transcript of the records of the decree and judgment" and "a true and correct recital of all such papers and proceedings in said cause as appear upon the records and files of his office that have been directed to be included in said transcript by the written demands of the parties," is fatally defective because of its omission of the words: "and copy" immediately after the word "recital." (Parkhill, J., dissents).

This case was decided by Division A.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

:

*Davis* & *Sandford,* for appellants;

*Hendry* & *McKinnon,* for appellee.

PER CURIAM.—The appeal in this case having been made returnable to the first day of the present term of this court, and the case having been reached in its regular order on the docket for final disposition and having been taken up for consideration by Division A of the court, and it appearing to the court that the clerk's certificate to the transcript certifies only that certain numbered pages contain a correct "transcript of the records of the decree and judgment" in the above entitled case, "and a true and correct *recital* of all such papers and proceedings in said cause as appear upon the records and files of" his office that have been directed to be included in said transcript by the written demands of the parties, without stating that it contains correct *copies* of such papers and proceedings, it follows that no properly certified transcript of the record in said cause has ever been filed here. It is therefore ordered that the appeal be dismissed, at the cost of the appellants. See Burnham v. Driggers, 44 Fla. 168, 32 South. Rep. 796; First National Bank of Pensacola v. Oxford Lake Line, 45 Fla. 275, 34 South. Rep. 893; Akin v. Morgan, 50 Fla. 172, 39 South. Rep. 534.

Appeal dismissed.

SHACKLEFORD, C. J., and COCKRELL, and WHITFIELD, JJ., concur;

TAYLOR and HOCKER, JJ., concur.

PARKHILL, J., (dissenting).—Instead of dismissing the writ of error absolutely because of the defect in the clerk's certificate to the transcript, I think an order should be made that the submission of this case be set aside, and that the plaintiff in error be permitted to append to the transcript a certificate in the form prescribed by the rules, serving a copy thereof upon defendant in error within ten days, and that upon failure to comply with the order the writ of error be dismissed. Martin v. Hudson, 79 Cal. 612, 21 Pac. Rep. 1135; Idaho & Oregon Land Imp. Co. v. Bradbury, 132 U. S. 509, text 513, 10 Sup. Ct. Rep. 177; dissenting opinion in Porter v. Ewing, 51 Fla. 265, 39 South. Rep. 993.

When there were only three justices of this court and several hundred cases on the docket here, the practice or policy of dismissing writs of error because of the defect in the clerk's certificate to the transcript may have been justified; but now with less than seventy cases on the docket and six justices to dispose of them, there is in my opinion, no necessity to continue this practice.