JOHN M. KEEN, L. H. ALTMAN, JAMES N. HOOKER, J. A. DURRANCE AND T. A. CURRIE AS COUNTY COMMISSIONERS OF POLK COUNTY, *Plaintiffs in Error, v.* THE STATE OF FLORIDA *ex rel.* H. J. DRANE AND J W. BRYANT, *Defendants in Error.*

1. Where a cause is reached for final determination in regular order, and it appears that the certificate of the Clerk necessary to give authenticity to the transcript of the record is fatally defective the writ of error or appeal will be dismissed.

2. A certificate of the clerk of the trial court to a transcript of the record brought to the Supreme Court on writ of error which does not state that the transcript contains a true and correct *copy* of the papers included therein, but states only that the transcript contains a true and correct *recital* of the papers included in the transcript, is fatally defective.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*T. L. Wilson,* for plaintiffs in error.

*Wall & McKay,* for defendants in error.

PER CURIAM.—This cause brought here by writ of error to the Circuit Court in and for Polk County having been reached and taken up for final consideration in its regular order on the docket, the court finds that no properly certified transcript of the record therein has ever been filed. The certificate of the Circuit Court Clerk appended to what purports to be a transcript of the record filed here states simply that it "contains a correct transcript of the record of the judgment, and a true and correct recital of all such papers and proceedings in said cause as appear from the records and files of my office," etc. It fails to certify that it contains true and correct *copies* of such papers. It has been repeatedly held here that where a cause is reached for final determination in regular order, and it appears that the certificate of the clerk necessary to give authenticity to the transcript of the record is fatally defective the writ of error or appeal will be dismissed; and that the defect found in the certificate of the clerk to the transcript in this case is a fatal one. The Globe & Rutgers Fire Insurance Company v. Lewallen & Company, 56 Fla. 306, 47 South Rep. 795, decided here at the present term and cases there cited. The writ of error herein must, therefore, be and is hereby dismissed at the cost of the plaintiffs in error.

All concur, except PARKHILL, J., who dissents.