306    SUPREME COURT OF FLORIDA,

Globe & Rutgess Fire Ins. Co. v. Lewallen & Co.—Opinion of Court.

THE GLOBE & RUTGERS FIRE INSURANCE COMPANY, A
    CORPORATION, *Plaintiff in Error*, v. GEORGE LEW-
    ALLEN AND JOSEPH A. O'BERRY, CO-PARTNERS AS
    LEWALLEN & COMPANY, *Defendants in Error*.

1. Where a cause is reached for final determination in regular
   order, and it appears that the certificate of the clerk necessary
   to give authenticity to the transcript of the record is fatally
   defective the writ of error or appeal will be dismissed.

2. A certificate of the clerk to a transcript of the record brought
   to the Supreme Court on writ of error which merely states
   that the transcript contains a correct transcript of the record
   and a true and correct recital of all papers in the cause, is
   fatally defective. The rule requires the certificate to state that
   the transcript contains "a correct transcript of the record *of
   the judgment*" in the particular case, "and a true and correct
   recital *and copy* of" all the papers and proceedings, &c.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Hillsborough
County.

The facts in the case are stated in the opinion of the
court.

*Axtell & Rinehart,* for plaintiff in error.

C. C. *Whitaker* and P. O. *Knight,* for defendants in
error.

PER CURIAM : This case was brought here by writ of
error returnable to the 20th day of March, 1908, from
the Circuit Court of Hillsborough County. Upon taking
the same up for final adjudication the court finds that no
properly certified transcript of the record has ever been

filed here in compliance with the rules. The certificate of the Circuit Court Clerk appended to what purports to be a transcript asserts simply that it "contains a correct transcript of the record" * * * and that it contains "a true and correct recital of all such papers and proceedings in said cause" &c. The certificate fails to state that it contains a correct transcript of the record of *the judgment;* and fails to state that it contains a true and correct *copy* of all such papers·and proceedings &c. and is therefore fatally deficient as an authoritative certification to this court of the transcript of the record of the court below, and the said cause must, therefore be, and is hereby, dismissed at the cost of the plaintiff in error. Atkins v. Morgan, 50 Fla. 173, 39 South. Rep. 534; First Nat. Bank of Pensacola v. Oxford Lake Line, 45 Fla. 275, 34 South. Rep. 893; Burnham v. Driggers, 44 Fla. 168, 32 South. Rep. 796; Porter v. Ewing, 51 Fla. 265, 39 South. Rep. 993.

PARKHILL, J., dissents for the reasons stated in his dissenting opinions in Porter v. Ewing, *supra,* and Dees *et al.* v. Cassels, 54 Fla. 485, 44 South. Rep. 1013.