CITY OF MIAMI, A MUNICIPAL CORPORATION, *Appellant*, v. MIAMI REALTY, LOAN AND GUARANTY COMPANY, A CORPORATION, AND G. S. AMSDEN, *Appellees.*

1. Where several interlocutory orders are made in a case and only certain ones specified are appealed from, the appellate court will be confined to the orders mentioned in the appeal.

2. A bill of complaint to enforce a lien on real estate for unpaid taxes is defective when it fails to allege when the taxes were assessed and the levy made.

3. Tax proceedings are *in invitum,* and to be valid must be *stricti juris,* and, in a tax suit, the complainants pleading must set out a cause of action. Such facts must be alleged in the bill of complaint, not only that show a statutory liability, but the right of the complainant to recover.

4. It is the bill of complaint in a tax suit, and not the notice of lien, which must set out the cause of action. The notice of the tax lien does not take the place of the bill of complaint. The giving of the notice of the lien may be one of the steps leading to the statutory liability of the defendant and the right of the complainant to recover, but the bill should specifically aver the assessment and levy of the tax for a stated year, so that an issue may be made and proof taken thereon.

5. In a tax suit the court will take judicial notice that the city possessed the authority given by the act of the legislature to levy, assess and collect taxes, and that unpaid taxes on real estate constitute a lien on the property assessed.

This case was decided by Division B.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the Court.

*Redmond B. Gautier,* for Appellant;

*Price & Rand,* for Appellees.

PARKHILL, J.—The appellant filed a bill in the Circuit Court for Dade County against the appellees to enforce a lien on certain real estate therein described for unpaid taxes, as provided by Section 55 of Chapter 5519, Acts of 1905.

On the 10th day of October, 1906, the Chancellor made an order consolidating this and other suits of a like kind against the defendants. On the 4th day of November, 1907, the order for consolidation was corrected. On the 23rd day of March, 1907, the Chancellor made an order setting aside a decree *pro confesso* theretofore entered against the defendants. On the 31st day of August, 1907, a demurrer to the bill of complaint was sustained and the complainant appealed.

The first error assigned is the making of the order of October 10th, 1906, as amended or corrected in November, 1907. The second error assigned is the making of the order on the 23rd day of March, 1907. These assignments cannot be considered, for this appeal is taken "from the order herein made by the court on the 31st day of August, A. D. 1907, sustaining the demurrer herein filed by the defendants."

In Wiggins v. Williams, 36 Fla. 037, 18 South. Rep. 859, it is said: "Where several interlocutory orders are made in a case, and only certain ones specified are appealed from, the appellate court will be confined to the orders mentioned in the appeal."

The grounds of demurrer to the bill are as follows:

"1st. Said bill of complaint alleges that there was due the City of Miami on November 1st, a certain sum of money for taxes, but does not allege when said taxes were assessed, for what year said taxes were due or what period of time was covered by the alleged indebtedness for taxes as mentioned in said bill.

2nd. Because said bill alleges that said property de-

scribed in said bill of compliant was regularly assessed for taxes, but does not say when same was regularly assessed for taxes.

3rd. Because said bill of complaint alleges that taxes were levied upon the property described in complainant's bill of complaint, but does not say when said taxes were levied or for what year same were levied.

4th. Because said bill of complaint does not allege that the City of Miami had power to levy taxes or that unpaid taxes constituted a lien against any property described in complainant's bill of complaint.

5th. The new charter of 1905 changing the method by means of which taxes could be collected making it imperative for said bill to show when said taxes were assessed and what year was covered by said assessment."

The 1st, 2nd, 3rd and 5th grounds of demurrer may be considered together. They all relate to the alleged failure of the bill to show when the taxes were due, when the assessment and levy was made, what year was covered by said assessment.

The bill alleges "that from and after the first day of November, A. D. 1905, the said company and G. S. Amsden, defendants, were justly indebted to plaintiff, the said city of Miami, in the sum of two dollars and sixteen cents, lawful money of the United States of America, for taxes regularly assessed and levied against the following property," after which a description of the property is given as being in the city of Miami. The bill is defective in failing to allege when the taxes were assessed and the levy made. Tax proceedings are *in invitum*, and to be valid must be *stricti juris,* and, as in other cases, the complainant's pleading must set out a cause of action. Such facts must be alleged in the bill of complaint, not only that show a statutory liability, but the right of the complainant to recover. Ottawa Gas Light & Coke Co. v.

People, 138 Ill. 36, text 344, 27 N. E. Rep. 924; Swenson v. Greenland, 4 N. D. 532, 62 N. W. Rep. 603; People v. Central Pac. R. Co., 83 Cal. 393, 23 Pac. Rep. 303.

The bill should allege that the taxes were levied for a certain year and that they were based upon an assessment a stated year.   An allegation that the tax was duly assessed and levied for a stated year is sufficient, but is not necessary to specify the officer by whom the property was assessed, nor is it necessary to state all the facts constituting a legal assessment.   Parker v. City of Jacksonville, 37 Fla. 342, 20 South. Rep. 538; People v. Todd, 23 Cal. 181; 21 Ency. Pl. & Pr. 405; Swenson v. Greenland, *supra*.

The bill alleges that the complainant filed against said property a notice of lien.   The recitals of the notice show that the tax was assessed and levied for the year 1905, but the bill does not aver that the recitals of the notice are true.   It is the bill of complaint in a tax suit, and not the notice of lien, which must set out the cause of action. The notice of the tax lien does not take the place of the bill of complaint.   The giving of the notice of the lien may be one of the steps leading to the statutory liability of the defendant and the right of the complainant to recover, but the statute provides: "All unpaid taxes and assessments may be collected by suits in either courts at law or in equity."   In Durnham v. Edwards, 50 Fla. 495, 38 South. Rep. 926, we said: "In equity, as well as at law, a pleading is to be most strongly construed against the pleader thereof, and in passing upon a demurrer to a bill every presumption is against the bill.   This follows from the established principle of pleading that it is incumbent upon a complainant to allege in his bill every fact clearly and definitely, that is necessary to entitle him to relief, and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to

relief in a court of equity, he must suffer the consequences of his so doing." The bill should specifically aver the assessment and levy for a stated year, so that an issue may be made and proof taken thereon.

So far as the bill not alleging that the city of Miami had power to levy taxes or that the unpaid taxes constituted a lien against the property described, the bill alleges that the property is in the city of Miami, and that said city is a municipality organized and existing under Chapter 5519, Acts of 1905, and the court will take notice that the said city possessed the authority given by that act to levy, assess and collect taxes, and that unpaid taxes on real estate constitute a lien on the property assessed. Webb v. Bidwell, 15 Minn. 479.

The order appealed from is affirmed.

TAYLOR and HOCKER, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.