McRainey v. Jarrell *et al.*—Opinion of Court.

WADE H. McRAINEY, *Appellant,* v. W. D. JARRELL, *et al., Appellees.*

A certificate of the Clerk of the Circuit Court to a transcript of record on appeal stating simply that certain numbered pages contained "a correct transcript of the record of the judgment" in the above entitled cause, "and true and correct recitals of all such papers and proceedings in said cause, as appear upon the records and files" of his office "that have been directed to be included in said transcript by the written demands of the said parties," is fatally defective because of the omission of the words "and copy" immediately after the word "recital."

Appeal dismissed.

*H. M. Hampton* and *H. L. Anderson,* for Appellant;

*Hocker & Duval,* for Appellees.

PER CURIAM.—On reaching this case for final disposition, we find that the clerk's certificate to the transcript certifies that certain numbered pages contain "a correct transcript of the record of the judgment" in the above entitled cause, "and true and correct *recitals* of all such papers and proceedings in said cause, as appears upon the records and files" of his office "that have been directed to be included in said transcript by the written demands of the said parties," without stating that it contains correct *copies* of such papers and proceedings. Under the settled practice of this court, this appeal must be dismissed because of such defective certificate. See Dees v. Cassels, 54 Fla. 485, 44 South. Rep. 1013, and authorities there cited, and Globe & Rutgers Fire Ins. Co. v. Lewallen, 56 Fla. 306, 47 South. Rep. 795.

Appeal dismissed.

All concur.

PARKHILL, J., (Concurring.)

For the reasons pointed out in my dissenting opinions in Porter v. Ewing, 51 Fla. 265, 39 South. Rep. 993; Dees v. Cassels, 54 Fla. 485, 44 South. Rep. 1013, I think that, instead of dismissing the writ of error herein absolutely because of the defect in the Clerk's certificate to the transcript of the record, an order should be made that the submission of this case be set aside, and that the plaintiff in error be permitted to append to the transcript a certificate in the form prescribed by the rules, serving a copy thereof upon defendant in error within a reasonable time named, and that upon failure to comply with the order, the writ of error be then dismissed.

Since the dissenting opinions were written in the above cases, it seems that the Governor of this State, without my knowledge or suggestion, called this matter to the attention of the Legislature, with the result that chapter 5898, Acts of 1909, was enacted, whereby it is provided, "That whenever any case has been taken to the Supreme Court of the State of Florida, either by appeal or writ of error, and the same is dismissed from the docket of said Supreme Court on account of a defective certificate of the Clerk of the Circuit Court to the transcript of the record, the same shall be reinstated upon the said docket upon motion, if made within thirty days from date of notice of such dismissal, accompanied by a proper certificate to be affixed to such transcript of the record."

As this provision of law will furnish a proper remedy in the premises and when carried out will be practically what I have aimed at.

I concur herein.