JOHN WILLIAM CLARK AND CORA B. WILLIAMS, FOR THE USE OF TOWNSEND-BOWER COMPANY, A CORPORATION, *Plaintiffs in Error*, v. J. F. COCHRAN AND F. M. PHIL-LIPS, PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF COCHRAN & PHILLIPS, *Defendants in Error*.

### Opinion Filed January 24, 1919.

1. A certificate of the clerk to a transcript of the record brought to the Supreme Court on a writ of error which fails to state that the transcript contains a correct transcript of the record of the judgment, and fails to state that the transcript contains a true and correct recital and copy of all such papers and proceedings in said cause as appears upon the records and files of the clerk's office that have been directed to be included in the transcript by the written demands of the parties, is fatally defective.

2. In a cause brought here by writ of error where the certificate of the clerk to the transcript is fatally defective, the writ of error will be dismissed.

A Writ of Error to the Circuit Court for Franklin County; E. C. Love, Judge.

Writ of Error dismissed.

*E. T. Davis* and *C. H. B. Floyd*, for Plaintiffs in Error;

*Jos. A. Edmondson* and *W. J. Oven,* for Defendants in Error.

ELLIS, J.—Writ of error to the judgment of the Circuit Court for Franklin County in an action of ejectment brought by the plaintiffs in error against the defendants in error.

The certificate of the clerk to the transcript of record is defective in that it fails to state that the transcript contains "a correct transcript of the record of the judgment" in the case; nor does the certificate state that the transcript contains "a true and correct recital and copy of all such papers and proceedings in said cause as appears upon the records and files" of the clerk's office "that have been directed to be included in said transcript by the written demands of the said parties." See Special Rule 3, Rules of Circuit Courts; also Rule 103.

The writ of error is dismissed upon the authority of the above rules and the following decisions of this court: Globe & Rutgers Fire Ins. Co. v. Lewallen, 56 Fla. 306, 47 South. Rep. 795; Keen v. State *ex rel.* Drane, 56 Fla. 241, 47 South. Rep. 924; Burnham v. Driggers, 44 Fla. 168, 32 South. Rep. 796; First Nat. Bank of Pensacola v. Oxford Lake Line, 45 Fla. 275, 34 South. Rep. 893; Dees v. Cassels, 54 Fla. 485, 44 South. Rep. 1013; Ramsey v. Wells, 36 Fla. 88, 18 South. Rep. 181; Merchants' Nat. Bank of Jacksonville v. Grunthal, 38 Fla. 93, 20 South. Rep. 809; McRainey v. Jarrell, 59 Fla. 585, 52 South. Rep. 10.

The cause may be reinstated upon compliance with the terms of Chapter 5898, Laws of 1909, Sec. 1705a, Florida Compiled Laws, 1914.

Dismissed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.