Cotten v. Rutledge.

## COTTEN vs. RUTLEDGE.

[QUI TAM ACTION AGAINST PROBATE JUDGE FOR ILLEGALLY ISSUING MARRIAGE LICENSE.]

1. *Specification of grounds of demurrer.*—On demurrer to a complaint, (Code, § 2253,) the court cannot consider any other objection than that specifically stated in the demurrer.

2. *Construction of statute requiring consent of parent or guardian to marriage of minor.*—Under section 1950 of the Code, requiring the consent of parents or guardians to the marriage of minors, it is not necessary that both parties to the intended marriage should be within the specified ages: if the male is under twenty-one years of age, and has not had a former wife; or if the female is under eighteen years of age, and has not had a former husband,—in either case, the consent of the parent or guardian of such minor is necessary.

3. *What constitutes defense to action for statutory penalty.*—In issuing a marriage license, a judge of probate acts ministerially, not judicially; and if he issues a license to a minor, without the consent of the parent or guardian, as required by section 1950, the fact that he honestly believed that the infant was of lawful age, or that the infant made affidavit before him that such was the fact, is no defense to an action to recover the penalty prescribed by section 1953.

4. *Motion to suppress deposition on account of defective statement of case.*—In a *qui-tam* action under section 1953 of the Code, it is no ground for the suppression of a deposition taken by the plaintiff, that neither the commission nor the interrogatories show the character of the action.

5. *Verdict and judgment.*—In such action, if the plaintiff recovers at all, his recovery must be for the amount of the statutory penalty; and a verdict "for the plaintiff," not specifying any amount, is sufficient to authorize a judgment in his favor for the statutory penalty, with the costs of suit.

6. *Waiver of argument to jury.*—When the counsel of both parties have waived their right to argue the cause to the jury, by declining to argue it before them after the evidence on both sides is closed, the fact that the court afterwards allows one party to read to the jury, on their return for further instructions, a record which had been previously read to them, does not revive the right of the other to argue the cause to the jury.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by Joseph Rutledge, against Alexander J. Cotten, the probate judge of said county, to recover the statutory penalty (Code, § 1953) for issuing a marriage license to a minor without the consent of the parent or guardian. The parties to the marriage were David Hale and Nancy M. Rutledge; the latter being, as the complaint alleged, the daughter of the plaintiff, and under eighteen years of age at the time of the marriage. The defendant demurred to the complaint, "because it did not aver that David Hale, the male intending to marry, was under twenty-one years of age at the time the license was issued." The court overruled the demurrer, and the defendant excepted. The defendant then interposed a special plea, averring, in substance, that when application was made to him for said license, he demanded the consent of the parent or guardian of the said Nancy; that said Hale and other persons then assured him that she was eighteen years of age, and, on his refusal to issue the license without further proof, said Nancy herself made and subscribed before him a written affidavit of the fact that she was of that age. To this plea the court sustained a demurrer, and the defendant " then took issue on the complaint."

On the trial, the plaintiff produced and read in evidence to the jury the record book containing the marriage licenses granted by the probate court of said county, which showed the license issued to said David Hale and Nancy Rutledge; proved that the defendant was the pro-

bate judge at the time said license was issued; and, for the purpose of proving the age of his said daughter, offered in evidence the deposition of one Nancy Davis. The defendant objected to the reading of the deposition, "because it did not appear from the interrogatories, commission and deposition that the same was taken in this case; it appearing to be taken in a case in which Joseph Rutledge was the plaintiff, and not in a case in which Joseph Rutledge sued for the use of the State of Alabama." The court overruled the objection, and permitted the deposition to be read; to which the defendant excepted.

The defendant offered evidence tending to prove the facts averred in his special plea, to which a demurrer had been sustained, relative to the proof made before him, at the time of the issue of the license, that the said Nancy Rutledge was eighteen years of age. The court excluded this evidence, on the plaintiff's motion, and the defendant excepted.

The counsel of the respective parties declined to argue the case to the jury. The court then charged the jury, and they retired to consider of their verdict. After deliberating for some time, the jury came into court, and said that they could not agree upon a verdict; and one of them asked the court, whether it had been proved that the license was issued. The court replied, that the record of a license had been read to them; and then permitted the plaintiff's counsel again to read to them the record of the license which had been previously read to them. The defendant's counsel then insisted on his right to argue the case before the jury; the court would not permit him to do so, and the defendant excepted.

The jury returned a verdict in these words: We, the jury, find for the plaintiff;" and the court thereupon rendered a judgment in his favor for $500, the amount of the statutory penalty, together with the costs of suit.

The errors now assigned are, the rulings of the court on the pleadings, the several rulings during the trial to which exceptions were reserved, and the rendition of judgment on the verdict for the plaintiff.

Cotten v. Rutledge.

PARSONS & J. WHITE, for the appellant.

J. J. WOODWARD, *contra.*

RICE, C. J.—This action was brought to recover the penalty of five hundred dollars, which is imposed by section 1953 of the Code upon a judge of probate, for issuing a license to marry contrary to the provisions of the article in which that section is embraced.

The only objection to the complaint, stated in the demurrer thereto, is, that it does not aver "that, at the time the license issued, David Hale, the male intending to marry, was under twenty-one years of age." No other objection can be taken, (Code, § 2253;) and we first proceed to consider the single objection stated.

[2.] There is awkwardness and confusion in the structure of the first·sentence of section 1950 of the Code. The intention of the lawmaker is not therein expressed with anything like clearness. But we think it sufficiently appears from the words employed in it, that it was designed to secure to parents and guardians some power of restraint over the marriage of male minors, as well as over the marriage of females under the age of eighteen years of age. The construction contended for by the defendant, would destroy such power in almost every case. It would allow the judge of probate, with impunity, and without the consent of parent or guardian, to issue a license to marry a male of three-score years and ten to a female of fifteen, or a female of sixty to a male of eighteen. We cannot persuade ourselves that the legislature intended licenses to issue in such cases, without the consent of the parent or guardian of the minor. We think the provisions of the first sentence of section 1950 must be taken distributively, and as making it the duty of the judge of probate to require the consent of the parent or guardian of the minor to the marriage, to be given in two distinct classes of cases, to-wit, 1st, where the male intending to marry was under twenty-one, and had not had a former wife; and, 2d, where the female intending to marry was under eighteen, and had not had a former husband. This construction serves, in some sort, to

account for the use of the word "and," where it first occurs in the sentence, and makes the sentence mean what it would clearly express if it read as follows: "If the male intending to marry be under twenty-one, and have not had a former wife, the judge of probate must require the consent of his parent or guardian to the marriage, to be given either personally, or in writing; and if in writing, the execution thereof must be proved;—and if the female intending to marry be under eighteen years of age, and have not had a former husband, the judge of probate must require the consent of her parent or guardian to the marriage, to be given either personally, or in writing; and if in writing, the execution thereof must be proved." That reading, in our opinion, shows the true meaning of the first sentence of section 1950 of the Code; and it accords with the principle, that upon the revision of statutes, the construction will not be changed by such alterations as are designed to render the provisions more concise.—Mooers v. Burker, 9 Foster, 420; Clay's Digest, 373, § 5.

[3.] In issuing a license to marry, the judge of probate does not exercise *judicial power*. He acts *ministerially*, and at his peril. His duty in that behalf is defined by the Code. If, before issuing a license to marry any minor, he obtains the consent of the parents or guardians of such minor, he is safe. If, without the consent of the parents or guardian of a female under eighteen years of age, who has not had a former husband, he issues a license to marry her to a male, he violates his duty as prescribed by section 1950 of the Code, and thereby incurs the penalty of five hundred dollars mentioned in section 1953; and neither her affidavit, made before him, that she was eighteen years old, nor his honest belief that she was of that age, can relieve him from the penalty, nor properly be considered in a suit brought to recover it. Good faith is no protection against the consequences of the violation of the duty prescribed by the statute.—Sedgwick on Stat. and Cons. Law, 99, 100, and authorities there cited.

[4.] Any person may sue for the penalty, when it has been incurred. The person who may sue for it, may

properly be styled the plaintiff in the action, although he sues as well for the State as for himself. And the fact that he is stated as the plaintiff, in the interrogatories, commission and return of the commissioners, is no valid objection to a deposition offered as evidence in the suit. In other words, it is not essential that the person suing for the penalty should show, in his *interrogatories and commission*, that he is suing as well for the State as for himself.—Jordan v. Hazard, 10 Ala. 221; Lloyd v. Williams, 3 Wilson, 141; The Weavers' Company v. Forrest, 2 Strange, 1232; Rogers v. Jenkins, 1 Bos. & Pul. 384; Agee v. Williams, at January term, 1857.

[5.] When, as here, such suit is for a sum of money fixed by law as the penalty for the act of the defendant alleged in the complaint, and the case is tried on an issue joined on the complaint, if the plaintiff recovers at all, he must recover the specific sum fixed as the penalty; he cannot recover more or less; and the verdict of the jury, "we, the jury, find for the plaintiff"—is sufficient to authorize a judgment for the sum fixed by law as the penalty, and for the costs of the action.

[6.] Counsel may waive the right to argue a case before the jury. Declining to argue it before them, after the evidence is closed on both sides, is a waiver of that right. And when the right is thus waived, it is not revived by allowing either party to read from a record book a piece of evidence which had in the course of the trial been properly read to the jury, although such second reading of that piece of evidence was permitted after the jury had been charged and had retired, and on their return into court to inform the court that they could not agree on a verdict.—Prosser v. Henderson, 11 Ala. 484.

The application of the foregoing views to the several questions presented for revision in this case, brings us to the conclusion, that there is no error in any of the rulings of the court below complained of by the appellant.

Judgment affirmed.