C. S. BEADLE v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY.

PETITION—*Construction*—*Rule.* When the language of a petition is of doubtful import and it is challenged before trial by a demurrer, the rule is to construe the pleading against the pleader, upon the ground that, as he himself selects the language, he should make his meaning clear. (*Draper v. Cowles*, 27 Kas. 484, cited and followed.)

*Error from Bourbon District Court.*

ACTION by *Beadle* against the *Railroad Company.* From a judgment for defendant, on demurrer to the petition, January 6, 1889, plaintiff brings error.

*E. F. Ware*, for plaintiff in error.

*Wallace Pratt*, and *Chas. W. Blair*, for defendant in error.

Opinion by SIMPSON, C.: Beadle commenced this action against the railroad company on the 27th day of March, 1888. His petition contained 613 causes of action. He claims as assignee of the firm of Beadle & Henning. The first cause of action as originally filed, (and it differs from the others only in date, amount, and locality,) reads as follows:

"On or about the 14th day of July, 1885, at Cherokee, in the county of Crawford, Kansas, the said firm of Beadle & Henning did deliver to the defendant 33,400 pounds of coal, all loaded on one car and consigned to J. S. Watson, at Emporia, in the state of Kansas, to be by the defendant transported to the station of Girard, on its line of road. The defendant did receive and transport said coal to said station, but charged and collected of the said firm, through its consignee, as a condition precedent to said service and the delivery of said coal, a charge of $8.25, when at the same time the rate charged by the defendant for similar service to the Keith & Perry Coal Company and others was only $5.01, which last sum was a maximum reasonable rate, thereby overcharging the said firm, unlawfully and unjustly, the sum of $3.24. The said defendant has not repaid said overcharge or any part thereof, although due demand therefor has been made.

Wherefore, plaintiff asks judgment for three times said sum, to wit, $9.72, as provided by law, with interest thereon at 7 per cent. per annum from said last-mentioned date."

A demurrer was interposed to all the causes of action set up in this petition, and it was sustained. The petition was then amended, by striking out the demand for triple damages, and asking only for actual damages alleged to have been sustained. The first count of the amended petition reads as follows:

"On or about the 14th day of July, 1885, at Cherokee, in the county of Crawford, Kansas, the said firm of Beadle & Henning did deliver to the defendant 33,400 pounds of coal, all loaded on one car and consigned to J. S. Watson, at Emporia, in the state of Kansas, to be by the defendant transported to the station of Girard, on its line of road. The defendant did receive and transport said coal to said station, but charged and collected of the said firm, through its consignee, as a condition precedent to said service and the delivery of said coal, a charge of $8.25, when at the same time the rate charged by the defendant to the Keith & Perry Coal Company and others was only $5.01, which last sum was a maximum reasonable rate, thereby overcharging the said firm, unlawfully and unjustly, the sum of $3.24. The said defendant has not repaid said overcharge or any part thereof, although due demand has been made. Wherefore, plaintiff asks judgment for said sum, with interest thereon at 7 per cent. per annum from said last-mentioned date."

To this amended petition a demurrer was filed and sustained, and the case brought here to review the ruling of the trial court on the demurrer to the amended petition. The law under which relief is sought is found in ¶¶ 1333 and 1342, General Statutes of 1889. They read as follows:

"(1333) No railroad company shall charge, demand or receive from any person, company or corporation, for the transportation of any property or for any other service, a greater sum than it shall at the same time charge, demand or receive from any other person, company or corporation, for a like service from the same place, or upon like condition and under similar circumstances; and all concessions of rates, drawbacks, and contracts for special rates shall be open to and allowed all persons, companies and corporations alike; nor shall it

charge more for transporting freight from any point on its line than a fair and just proportion of the price it charges for the same kind of freight transported from any other point."

"(1342) Any railroad company which shall violate any of the provisions of this act shall forfeit for every such offense, to the person, company or corporation aggrieved thereby, three times the actual damages sustained by the said party aggrieved, together with the costs of suit, and a reasonable attorney's fee, to be fixed by the court; and if an appeal be taken from the judgment, or any part thereof, it shall be the duty of the appellate court to include in the judgment an additional reasonable attorney's fee for services in appellate court or courts."

It is contended that the statutes of the state have, by their express terms, abrogated the common law in cases of discrimination and unreasonable charges, and that the amended petition makes a case under the statute, no matter what may have been the intention of the pleader, and if it is a statutory action each and every cause of action set forth in the petition shows on the face thereof that it is barred by the statute of limitations. An action to recover damages under ¶ 1333, General Statutes of 1889, is one upon a statute for a penalty, and is barred within one year, under subdivision 4 of § 18 of the code. The court below, construing the petition to have been drafted under the statute and setting up statutory causes of action, sustained the demurrer, on the theory that the petition showed on its face that the causes of action were barred by the statute of limitations, and held in effect that no such action could be brought at common law, the statutory remedies being exclusive. While we have to sustain the ruling of the court on the demurrer, on the theory that, "when the language is of doubtful import, and the pleading is challenged before trial, then the rule is to construe the pleading against the pleader, and this upon the ground that, as he himself selects the language, he should make his meaning clear," (*Draper v. Cowles*, 27 Kas. 484, and authorities cited,) we do not want to be understood as assenting to the doctrine that the common-law remedy against common carriers for

charges in excess of reasonable rates has been abrogated by the statute, or that all remedies for injuries of this character are now exclusively statutory. We do hold with the trial court that this petition is based upon the statute and states statutory causes of action, but that is the extent to which we go.

We recommend an affirmance of the jugment.

By the Court: It is so ordered.

All the Justices concurring.