No. 12,749.

THE STATE VS. GEORGE W. DAVIDSON.

50 1297
106 577

1. The power to fix places for the sale of food commodities for the daily wants of the community exerted by ordinances establishing the markets and prohibiting sales of such commodities elsewhere, is a municipal function vested by the charter in the city of New Orleans. Act No. 45 of 1896, Sec. 14: 49 An. 618.

State vs. Davidson.

2. Hence, it is competent for the council to prohibit the sale of perishable food commodities in the railroad depots or landings of the city, except such sales of the articles in the unbroken packages in which the articles are imported into the State.

3. The ordinance as one intended to prevent the conversion of the railroad depots and landings into places for the offering and sale of perishable food commodities is not to be annulled for alleged oppressiveness or unreasonableness, and the exception removes any incompatibility between the ordinance and the commerce provision of the Constitution of the United States. Const., Art. 1, Sec. 8; Brown vs. Maryland, 12 Wheaton, p. 436.

ON APPEAL from the First Recorder's Court of New Orleans. *Finnegan, J.*

*Jas. J. McLoughlin*, Assistant City Attorney, and *Samuel L. Gilmore*, City Attorney (*Bernard Bruenn* of Counsel), for City of New Orleans, Plaintiff, Appellee.

*Denègre, Blair & Denègre* for Defendant, Appellant.

Argued and submitted November 11, 1898.
Opinion handed down December 5, 1898.

The opinion of the court was delivered by

MILLER, J. The defendant, fined for the violation of an ordinance of the common council, entitled " An Ordinance to prohibit the sale of onions, cabbages, potatoes and other perishable articles at railroad depots and public landings," prosecutes this appeal.

The defence is the ordinance violates the commerce clause of the Constitution of the United States; is violative of Art. 1, Sec. 155, of the Constitution of the United States, is oppressive and unjust, and that the ordinance exceeds the power of the council.

The ordinance prohibits " the receivers of onions, potatoes " and other perishable fruit from selling their commodities at railroad depots and public landings, in other than the original packages, and prohibits the receivers or consignees from selling at all except to licensed dealers; the ordinance further prohibits the sale at the depots by those who purchase the commodities, and prohibits all

sales at any other depot than that where the commodities were received.

It may well be that this ordinance, in some respects, transcends the authority of the council. But as this controversy is presented the defendant complains of the fine imposed on him for selling potatoes, not in the package in which they were imported, in a railroad depot. We are not called on to deal with the ordinance in any other aspect than that presented of the fine imposed on defendant for selling potatoes, a perishable food commodity, in the railroad depot. The question then is whether the ordinance authorizes the fine, and the further question is whether the council possesses the power to prohibit such sales in the depots of the railroads of this city.

The ordinance, like a statute, may be valid in part, and void as to the residue. The title of this ordinance, to regulate sales of perishable commodities, such as potatoes, onions, etc., at railroad depots and public landings, is followed by a section of the ordinance prohibiting such sales in other than the original packages, i. e., the packages brought on the cars. In this aspect the ordinance seeks to prohibit the conversion of the depots of this city into markets for the display, keeping and sale of perishable food commodities apt to become offensive and to menace the public health. In all cities the places of sale of such commodities, that is, in quantities adapted for the daily wants of the community, is, we believe, restricted to the markets designated by the council, at least we have always had such ordinances. This court has sustained the power of the council to enact such ordinances. State vs. Namias, 49 An. 618.

The argument for the defence that this ordinance has no relation to the public health or cleanliness of the city, but was passed to serve other purposes, has had our attention. In support of the argument it is urged or implied that private interests or rivalry in the business of selling these food commodities dictated the ordinance. It is not for the court to ascertain the motives that may have prompted the ordinance; the inquiry is whether its declared purpose is lawful, and whether the ordinance is restricted within the scope of that purpose. It may be that in the exercise of the police power of the city, private interests may suffer, but the private interests that may be affected by this class of ordinances regulating the places where perishable food commodities may be exposed for sale and sold must yield to the public interest of health and cleanliness the ordinance is designed to subserve.

It is claimed the ordinance is unreasonable and oppressive. The argument is aimed at the provision forbidding the sales of perishable commodities to any but licensed dealers, even in the original packages. We are not now dealing with that part of the ordinance, and no view is required to be expressed as to that prohibition clearly separable from the inhibition that the railroad depots shall not be used for the sale of these food commodities taken from the original package and disposed of in the quantities that may be desired by the purchasers. Nor are we called on to consider that other provision of the ordinance invoked to sustain this branch of the defendant's argument, prohibiting those who purchase in the original package from selling at or in the depots the commodity in the original package, and that extends the prohibition so as to prohibit such sales at depots other than that where the article was originally received. Again our attention is called to an exception in the ordinance that exempts from its operation the vendors who peddle fruits in the depots from baskets. We can not appreciate that forbidding the exposure for sale and sale in railroad depots, of onions, potatoes and similar articles, because they are perishable and apt to result in filth and offensive odors, is to be deemed unjust and oppressive for the reason that the "basket vendors" of fresh fruit is permitted. If this ordinance had undertaken to prohibit these "itinerant vendors" from "peddling fruit in baskets," in our view such a prohibition might well have been deemed oppressive. We have given attention to all these and other phases of the argument designed to attack this ordinance as unreasonable. In the restricted view we take of the ordinance already stated, we are unable to hold the ordinance exposed to this line of attack.

The Article 155 of the Constitution and the bill of rights in the Constitution are supposed by the pleadings of the defendant to be involved in the consideration of the ordinance. We presume, however, the argument that the ordinance is unreasonable and unjust, and an unwarranted interference with the business done at depots and landings, the ordinance is aimed to prohibit, embodies all that it is supposed can be urged, based on the provisions of the organic law cited in defendant's pleadings. The objection that the ordinance is an interference with interstate commerce and violative of the commerce clause of the Constitution of the United States is, we think, answered by the ordinance. Constitution United States, Art. 1,

Sec. 8. The ordinance imposes no restriction on the sale of the commodities in the original package, *i. e.*, in which the commodity is imported. When the transportation is completed, the articles taken from the package and offered for sale, the ordinance then operates to regulate the places of sale. It is settled that when the importation is complete, the property no longer, in the original package, but removed therefrom, and mingled with the property in the State, the mass becomes subject to the police as well as the taxing power of the State. Brown vs. Maryland, 12 Wheaton, p. 436, and the line of cases of that type.

Viewed only as an ordinance to prohibit the sale of perishable commodities at landings or railroad depots, and excluding from consideration all other portions of the ordinance, in our opinion, we have before us a municipal regulation within the competency of the council and the mere exercise of the police power presenting no conflict with the Constitution, Federal or State.

It is therefore ordered, adjudged, and decreed that the sentence of the lower court be affirmed with costs.

NICHOLLS, C. J., dissents.