State *ex rel.* Kittel v. Trustees I. I. Fund.—Statement of Case.

A demurrer to an alternative writ of mandamus stating that "the matter of law intended to be argued is that the facts stated in such writ do not show the relator is entitled to relief by writ of mandamus," is so general in its nature as not to require this court to do more than determine that there are no such essential and vital defects in the alternative writ as to show no cause of action, and are incapable of being cured by the statute of jeofails.

This case was decided by Division A.

This is a case of original jurisdiction.

### *Statement.*

On November 23rd, 1898, the relator sued out of this court an alternative writ of mandamus directed to the trustees of the Internal Improvement Fund of this State. The facts therein suggested, stated as briefly as is requisite for the purposes of the case, are that Joseph J. Kittell is the equitable owner and is justly entitled in law to demand and receive from the said trustees a deed of conveyance of the lands embraced in fractional unsurveyed section 16 of township 8 S. R. 8 W. in the county of Calhoun, containing 309 acres more or less, being the entire landed portion of said section 16, as will appear by the following facts, *viz*: On September 28th, 1850, an act of Congress was passed, granting the State of Florida all swamp and overflowed lands in said State for the purpose of reclaiming said lands, the State being authorized to designate and select lands of the kind and description granted, and report the same to the General Land Office for patent; that the Surveyor General of Florida on September 17th, 1853, in accordance with the regulations, transmitted to the General Land Office the

township plat of fractional unsurveyed township 8 S. R. 8 W. which was approved by the Surveyor General September 16, 1853; that on January 25th, 1854, the State of Florida through her officers designated and selected under the provisions of said act of September 28th, 1850, as portion of such swamp and overflowed lands, among other tracts, the entire fractional township 8 S. R. 8 W. aforesaid situated at the confluence of Lake Wimico and the Apalachicola river, in the county aforesaid, and duly certified and recorded such selection to the commissioners of the land office in accordance with the rules and regulations of the department then in force; that on March 3rd, 1857, by act of Congress that day passed, the United States of America confirmed all selections of land theretofore made by the State under the said act of September 28th, 1850, and duly certified and reported to the said land office the fractional township aforesaid as swamp and overflowed lands, and thus perfected the title thereto in said State under said two acts of Congress as swamp and overflowed land; that on March 16th, 1889, in pursuance of authority duly conferred upon them by the law of said State, the Board of Trustees of the Internal Improvement Fund of said State (hereinafter called the I. I. Board) did make and deliver to the Augusta, Tallahassee and Gulf Railroad Company (hereinafter called the A. T. & G. R. Co.) its lawful certificate No. 13,909, wherein and whereby said trustees did certify that said railroad company was entitled to about 109,-000 acres of land selected as swamp and overflowed land by said State of Florida under the act of Congress of September 28th, 1850, whenever said land should be patented to the State of Florida under said act of Congress, wherein was included among the land so certified one tract of land described as all the unsurveyed part of township 8 S. R. 8 W., and did therein and thereby lawfully promise that upon the receipt of said patents by the State the said trustees or their successors will convey the said lands to the said company, its successors and assigns, saving the rights of

actual settlers on said lands acquired at or before the date thereof, and saving the rights of John A. Henderson and Sidney I. Wailes, respectively, under their respective contracts with the Trustees of the Internal Improvement Fund aforesaid; that on July 6th, 1895, pursuant to the request of the Governor of Florida and under the provisions of said act of Congress of September 28th, 1850, and also of the act of March 3, 1857, *in pari materia,* the United States of America having previously patented to the State all other sections of said township, issued to said State its lawful patent No. 109 for the unsurveyed fractional section 16 of said township 8 S. R. 8 W., containing an estimated area of 309 acres as swamp and overflowed lands, which patent was duly transmitted to said I. I. Board and received by it on or before July 10th, 1895; whereby was fulfilled the condition of said promise to convey contained in said certificate No. 13,909; that the reserved rights of John A. Henderson and Sidney I. Wailes under said certificate have all been cancelled and discharged, and neither of them has any right, title or claim to said fractional section 16, and there are no actual settlers thereon; that said Joseph J. Kittel by lawful purchase at a judicial sale duly and regularly made on March 16th, 1892, became the lawful owner of all the right, title, estate and interest, legal and equitable, of the said A. T. & G. R. Co. in the lands mentioned and described in said certificate No. 13,909, including all the unsurveyed part of township 8 S. R. 8 W. aforesaid, and thus as successor and assign of said railroad company became entitled to all the rights of said railroad company in said unsurveyed fractional section 16 of said township 8 S. R. 8 W., including the right to demand and have from the said I. I. Board a conveyance of said fractional section 16 according to the promise contained in said certificate No. 13,909; that Joseph J. Kittel during the years 1896-7, and particularly in February, 1898, made due request and demand of said I. I. Board at its office in Tallahassee, Florida, for a conveyance to him as the successor and assign of the

## VOL. 47, JANUARY TERM, 1904. 305

State *ex rel.* Kittel v. Trustees I. I. Fund.—Statement of Case.

said A. T. & G. R. Co. of said unsurveyed fractional section 16, containing as estimated 309 acres, which request and demand was refused and denied by said I. I. Board, and is still refused and denied by said trustees; that said refusal and denial of said Board is based upon the avowed reason that said fractional section 16 had been duly surveyed and was school land, and therefore not subject to disposition and conveyance by said I. I. Board; that as a fact said fractional section 16 has never been actually surveyed, and the contention of said I. I. Board that said fractional section 16 had been surveyed, and was therefore not subject to disposition and conveyance by it, is based upon an assumption that an arbitrary and formal protraction of lines in the department offices at Washington, D. C., without actual survey of said section having ever been made as required by law, and the rules and regulations of the General Land office of the Department of the Interior of the United States of America was a lawful survey, but said assumption was and is unwarranted, and therefore said fractional section 16 being unsurveyed in fact and in law, was and is subject to lawful disposition and conveyance by said I. I. Board as promised in said Certificate No. 13,909. The alternative writ commands the Trustees of the Internal Improvement Fund to conevy to Joseph J. Kittel all the right, title or interest of the said Internal Improvement Fund, or of the Trustees of said Fund in the unsurveyed fractional section 16 of township 8 S. R. 8 W., Florida, or appear before this court and show cause why a peremptory writ of mandamus should not issue. The foregoing is the substance of the alternative writ. The proceedings have been amended so as to make the present Trustees of the I. I. Fund parties to the cause.

A demurrer to the alternative writ was filed January 12th, 1899, alleging that it is bad in substance, and stating that "the matter of law intended to be argued is that the facts stated in such writ do not show that the relator is entitled to relief by writ of mandamus."

On April 8th, 1903, a motion was made to strike out the demurrer, because general and containing no specifications of grounds or causes of demurrer, and to enter judgment. On the latter date the case was argued.

*Henry H. Ingersoll* and *T. L. Clarke* for relator.

*Geo. P. Raney* and *J. B. Whitfield,* Attorney-General, for the respondents.

HOCKER, J. *(after stating the facts).*—The purpose of that part of section 1053 of the Revised Statutes which requires "the substantial matters of law intended to be argued" to be stated would seem to be evident. It was intended to direct the attention of the parties and the court to the specific propositions of law, which being applied to the facts of the pleading demurred to, would, to the extent of each such specific proposition, entitle the party demurring to the judgment of the court in his favor. When the substantial matters are thus stated, the parties come before the court with clear conceptions of their respective rights and duties and there can be no room for the contention that the party who has to meet the demurrer has been misled because of a want of definiteness and certainty in the demurrer. In the case of *Florida Central & Peninsular R. R. Co. v. Ashmore,* 43 Fla. 272, 32 South. Rep. 832, this court found it necessary to examine critically the various statutes and rules applying to the structure of demurrers, and particularly of the requirement that the substantial matters of law intended to be argued shall be stated. As the result of that examination this court enounced its construction of the statutes and rules in the following language: "The change made in section 1053, Revised Statutes, requires the substantial matters of law intended to be argued to be stated and under this section it is the opinion of the court that the demurrer should be held to waive or abandon all objections not stated, except those extending to such es-

sential and vital defects in pleading as to show no cause of action or matter of defense, and such as are incapable of being cured by the statute of jeofails. Such defects can not of course embrace defective statements or formal matters, but must be such as to exhibit a total absence of allegation of facts, without which there can be no liability inferred. In determining the sufficiency of a demurrer the court will be confined to the grounds stated, and will examine no others, unless they extend to an omission to allege substantive facts which are essential to a right of action or matter of defense, and which are not implied in or inferable from those that are alleged." Applying the rule thus enounced to the case at bar we are constrained to conclude that the demurrer is too general in its nature to require us to do more than determine that there are no such essential and vital defects in the alternative writ as to show no cause of action and are incapable of being cured by the statute of jeofails.

It is considered and ordered that the demurrer to the alternative writ be and the same is hereby overruled, that the motion to enter judgment be denied, and that the respondents obey the writ or show cause by answer why a peremptory writ of mandamus should not issue to compel obedience therewith, within thirty days from the date of the filing of this opinion.